# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| JUAN ARTURO NAMUR-MONTALVO,<br>     Movant, | CRIMINAL NO.<br>1:05-CR-477-16-CC-GGB |
| v. | CIVIL ACTION NO.<br>1:11-CV-0897-CC-GGB |
| UNITED STATES OF AMERICA,<br>     Respondent. | MOTION TO VACATE<br>28 U.S.C. § 2255 |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Juan Arturo Namur-Montalvo ("Montalvo") has filed a motion to vacate sentence under 28 U.S.C. § 2255 (Doc. 1514). Montalvo challenges the constitutionality of his 235-month sentence that was imposed on September 19, 2008, following a jury verdict of guilty on February 7, 2008. (Doc. 1220). Presently before the Court for consideration are: (1) Montalvo's § 2255 motion to vacate (Doc. 1514); (2) the United States of America's (hereinafter "Government") response to Montalvo's motion to vacate (Doc. 1538); and Montalvo's motion for reconsideration (Doc. 1609), motion for discovery (Doc. 1610), and reply to the government's response to his motion to vacate (Doc. 1616).

## I.  **BACKGROUND**

Montalvo was charged with conspiracy to possess with intent to distribute cocaine and methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One); conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count Three); possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count Eleven); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Twelve); and conspiracy to launder money, in violation of 18 U.S.C. § 1956(h) (Count Seventeen). (Doc. 677).

Jury selection began on July 9, 2007, but the case could not be tried at that time because a jury could not be selected from the available panel. (Doc. 924). The Court therefore specially set the trial for January 14, 2008, and found that "the time period of the extension is excludable from the Speedy Trial calculations pursuant to Title 18, U.S.C., Section 3161(h)(8)(A) in the interest of justice." (Doc. 924). In the interim period, juror questionnaires were sent to prospective jurors in advance of the trial date so that the parties could avoid the problems that had occurred with the July 2007 attempt to select a jury. (Doc. 1336 at 3).

Montalvo, along with co-defendants Juan Pelaes Perez-Urena, Kevin Robinson, and Ana Marie Rojas-Rodriguez, proceeded to a jury trial on January 14, 2008.

AO 72A
(Rev.8/82)

(Doc. 992). On February 7, 2008, the jury found Montalvo guilty on Counts One and Twelve, and acquitted him on Counts Three, Eleven, and Seventeen. (Doc. 1030). On September 19, 2008, the district court sentenced Montalvo to 235 months of imprisonment on Counts One and Twelve, to run concurrently, followed by a five-year term of supervised release. (Doc. 1220).

Montalvo appealed, and on December 14, 2009, the Eleventh Circuit affirmed his conviction and sentence. (Doc. 1482); United States v. Namur-Montalvo, 356 F. App'x 319 (11th Cir. 2009). Montalvo did not file a petition for writ of certiorari with the Supreme Court. On March 14, 2011, Montalvo timely filed the present Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1514).

Montalvo's motion contains the following fifteen claims:

(1) Ground One - counsel was ineffective for failing to investigate and present exculpatory eyewitnesses;

(2) Ground Two - counsel was ineffective for failing to rebut the testimony of government witnesses;

(3) Ground Three - counsel was ineffective for failing to prepare Montalvo to testify adequately;

(4) Ground Four - the government engaged in vindictive prosecution and failed to disclose/correct material false evidence;

3

(5)   Ground Five - the Court erred by denying Montalvo's motion for a judgment of acquittal;

(6)   Ground Six - counsel was ineffective for failing to move for dismissal of the indictment on speedy trial grounds;

(7)   Ground Seven - (A) the Court erred by denying severance from Perez-Urena, and (B) counsel was ineffective for failing to obtain severance from Perez-Urena;

(8)   Ground Eight - the prosecutor improperly struck all the prospective Hispanic jurors because they were fluent in the Spanish language;

(9)   Ground Nine - counsel was ineffective at sentencing for failing to object to the Court's imposition of a sentence greater than that authorized by the jury's verdict;

(10) Ground Ten - the Court erred by imposing a sentence greater than that authorized by the jury's verdict;

(11) Ground Eleven - the Court erred by imposing a sentence that was disproportionate to the sentences received by similarly situated defendants;

(12) Ground Twelve - counsel was ineffective on appeal for failing to raise claims of prosecutorial vindictiveness and misconduct, insufficiency of the evidence, failure to sever, and improper striking of prospective Hispanic jurors;

(13) Ground Thirteen - counsel was ineffective on appeal for failing to raise claims contesting the drug amount attributed to Montalvo, and the reasonableness of his

AO 72A
(Rev.8/82)

sentence based on the fact that it was disproportionate compared to similarly situated defendants;

(14) Ground Fourteen - counsel was ineffective for failing to file a petition for writ of certiorari with the Supreme Court;

(15) Ground Fifteen - counsel was ineffective based on the cumulative errors as set forth in Grounds One through Fourteen.

The relevant facts with respect to Montalvo's claims are discussed in context below.

## II.  **DISCUSSION**

### A.    **GROUNDS FOUR, FIVE, SEVEN-(A), TEN AND ELEVEN ARE PROCEDURALLY BARRED.**

Grounds Four, Five, Seven-(A), Ten and Eleven all allege errors by the government or the court that could have been raised on direct appeal.

Generally, a petitioner must advance an available challenge to his conviction on direct appeal, or else this Court must consider the challenge procedurally barred in a § 2255 proceeding. <u>Mills v. United States</u>, 36 F.3d 1052, 1055-56 (11th Cir. 1994). "[Montalvo] can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule. Under the first exception, [Montalvo] must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged

5

error." Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). "Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Lynn, 365 F.3d at 1234-35 (quoting Mills, 36 F.3d at 1055).

"[T]o show cause for procedural default, [Montalvo] must show that some objective factor external to the defense prevented [Montalvo] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [Montalvo's] own conduct." Id. at 1235 (citing Smith v. Jones, 256 F.3d 1135, 1145 (11th Cir. 2001)). "Actual prejudice" requires Montalvo to show that the alleged error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Reece v. United States, 119 F.3d 1462, 1467 (11th Cir. 1997) (citation omitted).

Alternatively, Montalvo may still avoid the procedural bar by showing that the failure to address the alleged error would result in a fundamental miscarriage of justice, meaning that "the alleged error has probably resulted in the conviction of one who is actually innocent." Jones v. United States, 153 F.3d 1305, 1308 (11th Cir. 1998)

AO 72A
(Rev.8/82)

(citation and internal quotation marks omitted). "[A]ctual innocence means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623 (citation omitted). Accordingly, Montalvo must establish that "in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him." Id.

Montalvo has not met any of the exceptions that are necessary to overcome the procedural bar to raising claims that could have been raised on direct appeal.[1] Accordingly, these claims are procedurally barred.

B.  **GROUND EIGHT IS PROCEDURALLY BARRED BECAUSE IT WAS RAISED AND DECIDED ON DIRECT APPEAL**

In Ground Eight, Montalvo challenges the government's use of its peremptory strikes on three prospective Hispanic jurors on the ground that they were fluent in Spanish. Montalvo raised this argument on direct appeal, and it was rejected by the Eleventh Circuit. Namur-Montalvo, 356 F. App'x at 320-21. Montalvo cannot re-litigate in his § 2255 petition matters that were decided against him in his direct appeal. E.g. United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Thomas v. United

---

[1]In Grounds Twelve and Thirteen of his motion, Montalvo alleges that the claims were not raised on direct appeal due to ineffective assistance of counsel. However, as discussed below with respect to those grounds, Montalvo has not established that his attorney's performance failed to meet the applicable standard for effective assistance of counsel.

<u>States</u>, 572 F.3d 1300, 1304 (11th Cir. 2009). Thus, Montalvo is not entitled to relief on these claims.

**C. MONTALVO'S CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL ARE WITHOUT MERIT.**

Montalvo's remaining claims allege that his counsel was ineffective at trial and on appeal.

The Supreme Court precedent applicable to ineffective assistance of counsel claims was set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 698 (1984). To make a successful claim of ineffective assistance of counsel, a petitioner must show that: (1) his counsel's performance was deficient; and (2) that the deficient performance prejudiced his defense. <u>Strickland</u>, 466 U.S. at 697. A petitioner must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." <u>Id.</u> at 690. The court must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> at 689. To make such a showing, a petitioner must demonstrate that "no competent counsel would have taken the action that his counsel did take." <u>United States v. Freixas</u>, 332 F.3d 1314, 1319-20 (11th Cir. 2003) (quotation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only

8

whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial." White v. Singletary, 972 F.2d 1218, 1220 (11th Cir. 1992).

In order to meet the second prong of the test, the petitioner must demonstrate that counsel's unreasonable acts or omissions prejudiced him. That is, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

The Strickland standard also applies to ineffective assistance of appellate counsel claims. See Clark v. Crosby, 335 F.3d 1303, 1310 (11th Cir. 2003). To render effective assistance on appeal, counsel need not present every argument, regardless of merit, requested by a petitioner. See Jones v. Barnes, 463 U.S. 745, 750 (1983). In order for an ineffective assistance of appellate counsel claim to have merit, the court must decide whether the arguments that counsel failed to raise were significant enough to have affected the outcome of the appeal. Appellate counsel is not ineffective for failing to raise claims "reasonably considered to be without merit." Nyhuis, 211 F.3d at 1344 (internal citations omitted).

### 1. **Failure to Call Witnesses**

Montalvo testified at trial, but his counsel did not call any other defense witnesses. In Ground One, Montalvo alleges that his counsel was ineffective for failing to

AO 72A
(Rev.8/82)

investigate and present alleged exculpatory eyewitnesses. In Ground Two, Montalvo alleges that counsel was ineffective for failing to call witnesses to rebut the testimony of government witnesses.

Montalvo lists in his petition and affidavit approximately fourteen people that he contends could have been interviewed and called as witnesses at trial. (Docs. 1514 at 3-6; 1514-1 at 5-9). Montalvo proffers that these potential witnesses would have testified that they saw Montalvo frequently and had known him for a period of time; that they never heard him discuss drugs; that they never saw him with large sums of money; and that they never heard or saw him trying to buy or sell drugs. Montalvo alleges that his counsel was ineffective for not calling these witnesses at trial.

Montalvo does not contend that these witnesses observed or knew anything about the events that formed the basis of the charges in the indictment. Thus, at most, the listed individuals would have been character witnesses. Failure to call character witnesses is a strategic decision that does not rise to the level of ineffective assistance of counsel. See United States v. Cockrell, 720 F.2d 1423, 1428 (5th Cir. 1983).

To the extent that Montalvo contends that his counsel should have called other witnesses to confirm that he did not commit the conduct charged in the indictment, Montalvo has not identified any such witnesses. Thus, this contention is without merit.

AO 72A
(Rev.8/82)

## 2.    __Cross-examination of government witnesses__

Montalvo also alleges in Ground two that his counsel was ineffective for his failure to adequately cross-examine government witnesses.  Specifically, Montalvo asserts that counsel "failed to get witnesses to admit to readily available facts that fully support Montalvo's defense," including that Montalvo was not a person of interest, Montalvo was not on any recordings, Montalvo did not buy or sell any drugs, Montalvo was not mentioned in the wiretap calls, and there was no physical evidence or surveillance showing Montalvo's involvement in drug trafficking other than his presence on the day of his arrest.  (Doc. 1514 at 7-8).

However, Montalvo's counsel did argue that there was a lack of evidence implicating Montalvo.  He specifically argued that notwithstanding extensive recordings, there were no recorded calls involving Montalvo.  He also argued that Montalvo was not observed in any of the government's surveillance.  (Doc. 1533 at 60-80).  Moreover, Montalvo's counsel brought out, through cross-examination of government witnesses, those areas of the government's case where evidence against Montalvo was lacking.  (Docs. 1343 at 1195-1197; 1345 at 1492-1493; 1346 at 1679-1682, 1723-1726; 1347 at 1781-1782).

To the extent that counsel could have asked different or additional questions, the questioning of witnesses is a matter of trial strategy that does not support a finding of

11

ineffective assistance of counsel.  See United States v. Rubin, 433 F.2d 442, 445 (5th Cir. 1970).

### 3.    Preparation of Montalvo to testify

In Ground Three, Montalvo asserts that counsel was ineffective for failing to adequately prepare Montalvo to testify at trial.

However, Montalvo testified that he was a legitimate businessman who sold produce, that his association with his co-defendants did not involve drugs,  and that he did not knowingly participate in any drug transaction.  He was consistent in his testimony and did not make any damaging admissions.  (Doc. 1349 at 2154-2183). Montalvo has not shown how counsel was deficient in preparing him to testify.  Even if Montalvo could have done a better job with more practice, under the Strickland standard, failure to perfect Montalvo's testimony does not constitute ineffective assistance of counsel.

### 4.    Failure to move to dismiss indictment on speedy trial grounds

In Ground Six, Montalvo asserts that his counsel was ineffective for failing to move for dismissal of the indictment on the basis of the Speedy Trial Act.

The Speedy Trial Act provides that a criminal defendant must be tried within 70 days of the filing of an indictment or an arraignment, whichever is later. 18 U.S.C. § 3161(c)(1).  If a case involves multiple defendants, the 70-day period begins to run after the last co-defendant is indicted or arraigned. United States v. Schlei, 122 F.3d 944, 985

12

(11th Cir. 1997). Certain events, including delays resulting from pretrial motions and continuances, constitute "excludable" time and toll the speedy trial clock. See 18 U.S.C. § 3161(h); Chambliss v. United States, 384 F. App'x 897, 898 (11th Cir. 2010).

With regard to the period prior to July 9, 2007 (the first trial date), there was no Speedy Trial Act violation because there was sufficient excludable time due to the pending motions of co-defendants. (Doc. 859 (setting hearing on pending motions for June 29, 2007)).

With regard to the period between July 9, 2007 and the beginning of trial on January 14, 2008, the district court found that "the time period of the extension is excludable from the Speedy Trial calculations pursuant to Title 18, U.S.C., Section 3161(h)(8)(A) in the interest of justice." (Doc. 924). "If the trial court determines that the 'ends of justice' require the grant of a continuance, and makes the required findings, *any* delay is excludable under § 3161(h)(8)(A) of the Speedy Trial Act." United States v. Twitty, 107 F.3d 1482, 1489 (11th Cir. 1997) (emphasis in original).

Even if the delay in scheduling the trial constituted a violation of the Speedy Trial Act because of the district court's failure to make specific findings, Montalvo's claim is without merit. The district court would have granted a dismissal without prejudice because of the serious nature of the charges and because the delay would not have prejudiced Montalvo. The government then would have re-indicted Montalvo on the

same charges and the outcome would have been the same. Thus, Montalvo was not prejudiced by counsel's failure to move for dismissal under the Speedy Trial Act. See Chambliss, 384 F. App'x at 898-99 (finding that § 2255 petitioner did not suffer prejudice when his counsel did not move to dismiss for Speedy Trial Act violation because dismissal would have been without prejudice and government would have re-indicted the case); see also United States v. Rushin 642 F.3d 1299, 1310 n. 12 (10th Cir. 2011) (collecting cases holding that where an indictment would have been dismissed without prejudice, a defendant could not show prejudice based on trial counsel's failure to seek dismissal under the Speedy Trial Act).

**5.     Failure to obtain severance from co-defendant Perez-Urena**

In Count Seven - (B), Montalvo claims that counsel was ineffective for failing to obtain his severance from co-defendant Perez-Urena at trial because "had the Government been compelled to present evidence solely against Montalvo, it is more likely than not that the result of the proceeding would have been an acquittal." (Doc. 1514 at 14-15). This ground is without merit because Montalvo has not shown that he was entitled to a severance from his co-defendant.

Generally, defendants who are jointly indicted should be tried together. United States v. Leavitt, 878 F.2d 1329, 1340 (11th Cir. 1989). This rule is particularly applicable to conspiracy cases. United States v. Castillo-Valencia, 917 F.2d 494, 498

14

(11th Cir. 1990). In order to obtain a severance of his case from that of his alleged co-conspirators, the defendant must show that without a severance, he will suffer compelling prejudice and will be unable to receive a fair trial. <u>United States v. Puig</u>, 810 F.2d 1085, 1088-89 (11th Cir. 1987). Montalvo has made no showing that he suffered compelling prejudice and did not receive a fair trial because he was joined with his co-defendants for trial. Thus, counsel was not ineffective for failing to obtain a severance.

6. **<u>Failure to object to district court's imposition of a sentence greater than that authorized by the jury's verdict</u>**

In Ground Nine, Montalvo asserts that his counsel was ineffective at sentencing for failing to object to the district court's imposition of a sentence greater than that authorized by the jury's verdict. (Doc. 1514 at 15-17). The jury found that the drug conspiracy involved at least five kilograms of a mixture or substance containing a detectable amount of cocaine, and at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine. (Doc. 1030 at ¶¶ 3(a), 3(b), 3(c)). The jury also found that the cocaine possession offense involved at least five kilograms of a mixture or substance containing a detectable amount of cocaine. (Doc. 1030 at ¶ 13(a)). Thus, the statutory maximum penalty for each count was life imprisonment. 21 U.S.C. §§ 841(b)(1)(A)(ii) and (viii); 846. The sentence Montalvo received, 235 months of

AO 72A
(Rev.8/82)

imprisonment, was below the statutory maximum sentence authorized by the jury's verdict.

Montalvo may have intended to argue that his base offense level should have been based on five kilograms of cocaine, and that his counsel was ineffective for failing to advance that argument. If so, Montalvo overlooks the fact that the jury found that his offenses involved *at least* five kilograms of cocaine, not simply five kilograms of cocaine.

Moreover, Montalvo's counsel did challenge the quantity of drugs used to arrive at Montalvo's base offense level. Counsel argued that the correct quantity of drugs attributable to Montalvo was 41 kilograms of cocaine (the drugs seized from the Ford Explorer Montalvo was driving on September 13, 2005), resulting in a base offense level of 31 (after a reduction for minor role). (Doc. 1351 at 3-12, 22-23). Counsel objected to the additional 545 kilograms of marijuana and 2.7 kilograms of methamphetamine that were included in the amended Pre-Sentence Report that resulted in a base offense level of 38. (Doc. 1351 at 3-12, 22-23; PSR at ¶¶ 100,104). However, the district court overruled counsel's objection and found that the cocaine, marijuana and methamphetamine were all attributable to Montalvo, thereby giving Montalvo an initial base offense level of 38. (Doc. 1351 at 23-24). Counsel cannot be deemed ineffective when he advanced an argument that was rejected by the district court.

AO 72A
(Rev.8/82)

### 7. **Ineffective Assistance of Counsel on Appeal**

Montalvo asserts in Grounds Twelve and Thirteen that his counsel was ineffective on appeal for failing to raise the following issues: (1) the government engaged in vindictive prosecution and prosecutorial misconduct; (2) the evidence was insufficient to uphold Montalvo's convictions on Counts One and Twelve; (3) failure to sever the trials of Montalvo and Perez-Urena was error; (4) the prosecutor improperly struck all the prospective Hispanic jurors because they were fluent in the Spanish language; (5) the drug amount attributed to Montalvo was error; and (6) Montalvo's sentence was unreasonable based on the fact that it was disproportionate compared to similarly situated defendants. (Doc. 1514 at 20-22). In Ground Fourteen, Montalvo asserts that counsel was ineffective for failing to file a petition for a writ of certiorari in the Supreme Court, and in Ground Fifteen, Montalvo asserts that counsel was ineffective based on the cumulative errors as set forth in Grounds One through Fourteen.

On appeal, counsel for Montalvo appropriately raised a few key issues, namely, the following claims: (1) the district court erred by denying Montalvo's <u>Batson</u> challenge as to three Hispanic jurors that were struck by the prosecution because they were fluent in the Spanish language; (2) the district court erred by including methamphetamine and marijuana in Montalvo's base offense level calculation; and, (3) the district court erred by finding that Montalvo was not entitled to a sentencing reduction for minor role. <u>See</u>

AO 72A
(Rev.8/82)

<u>Namur-Montalvo</u>, 356 F. App'x at 320. Thus, Montalvo's assertion that his counsel was ineffective for failing to raise claims that the prosecutor improperly struck all the prospective Hispanic jurors because they were fluent in the Spanish language, and that the drug amount attributed to Montalvo was error, is contradicted by the record.

The remaining claims that Montalvo asserts should have been raised would not have been meritorious on appeal; thus, counsel was not ineffective for failing to raise them.

### (a) <u>Vindictive prosecution/prosecutorial misconduct</u>

Montalvo alleges that his counsel should have argued on appeal that he was a victim of vindictive prosecution because the government added additional charges after he refused to plead guilty. (Doc. 1514 at 10-11, 20). Montalvo was charged with additional counts in two superseding indictments. The first superseding indictment also added ten new defendants. (Doc. 140).

Even assuming the government was motivated to add additional charges because Montalvo declined to plead guilty, such conduct would not have been grounds for any relief for Montalvo. The government may bring new charges against a defendant after a defendant refuses to plead guilty. <u>See</u> <u>Bordenkircher v. Hayes</u>, 434 U.S. 357, 365 (1978) (finding that prosecutor, who carried out threat made during plea negotiations and re-indicted the defendant on more serious charges after the defendant refused to plead

guilty, "no more than openly presented the defendant with the unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution").

Montalvo also claims that the prosecutors engaged in misconduct when they failed to disclose or correct false evidence that Montalvo's alias was "Cauliflower," and that the government's erroneous contention that Montalvo was "Cauliflower" prejudiced his ability to defend himself. (Doc. 1514 at 11-12). The original indictment and the first superseding indictment listed Montalvo's alias as "Cauliflower." (Docs. 1, 140). However, the second superseding indictment on which Montalvo was tried did not list an alias for Montalvo. (Doc. 677). The government apparently concedes that it was mistaken in its original contention that Montalvo's alias was "Cauliflower." However, Montalvo does not contend that the government asserted at his trial that his alias was "Cauliflower." Montalvo had ample time to prepare for trial after the second superseding indictment eliminated the alleged alias. Thus, Montalvo was not prejudiced in any way by the initial erroneous reference in the first two indictments to the alias of "Cauliflower." Because there was no prejudice, counsel was not ineffective in failing to raise this issue on appeal.

Montalvo additionally asserts that the government failed to correct false testimony by testifying co-defendant Luna-Jiminez because, according to Montalvo, Luna-Jiminez denied knowledge of his previous 1994 conviction and his alias of Juan Manuel Vargas.

19

(Doc. 1514 at 12). This claim is contradicted by the record. Luna-Jiminez's plea agreement specifically sets forth his prior 1994 conviction, and the fact that he used the alias Juan Manuel Vargas. (Doc. 548 at ¶ 3). Further, the government brought this information out at trial during the direct examination of Luna-Jiminez, (Doc. 1339 at 420-421), and during cross-examination, Luna-Jiminez again admitted the conviction and alias. (Doc. 1340 at 586-87, 646, 662).

Because Montalvo's claims of prosecutorial vindictiveness and misconduct are without merit, counsel was not ineffective for failing to raise these claims on appeal.

### (b) <u>Insufficiency of the Evidence</u>

Montalvo contends that his counsel was ineffective for not raising insufficiency of the evidence on appeal.

Montalvo was convicted of Count One, which charged conspiracy to possess with intent to distribute cocaine and methamphetamine, and Count Twelve, which charged possession of cocaine with intent to distribute. (Doc. 677).

Montalvo was alleged to be part of a conspiracy in which large quantities of narcotics were regularly brought to Atlanta in tractor trailers from Mexico. Beginning in March 2005, Montalvo sold "cover loads" or vegetables in which the illegal drugs were hidden. (Doc. 1339 at 425-433; 483-486).

There was ample evidence at trial to establish that Montalvo knowingly participated with other individuals, including co-defendant Luna-Jimenez, in picking up a delivery of 41 kilograms of cocaine from an undercover agent in September 2005. Montalvo drove the vehicle that met an undercover agent who was supplying the cocaine in a controlled delivery. (Doc. 1346 at 1670-71). Montalvo was present and participated in conversations about the cocaine. (Doc. 1340 at 560-61). He observed the transfer of the duffle bags containing the cocaine into the vehicle that he was driving. (Doc. 1346 at 1677).

While the evidence with respect to Montalvo's personal involvement with methamphetamine was less than that with respect to his involvement with the cocaine, there was sufficient evidence to support his conviction. On August 19, 2005, three of Montalvo's co-defendants were arrested in Florida for attempting to sell approximately 2,643 grams of methamphetamine to an undercover law enforcement officer and a confidential source. (Docs. 1339 at 528-41; 1342 at 972-73; 1348 at 2034-36). Following those arrests, Luna-Jimenez gave Montalvo a kilogram of cocaine worth approximately $18,000-$19,000 for Montalvo to sell and use the proceeds to post bond for co-defendants Robinson and Casteneda. (Doc. 1339 at 540-41). Montalvo thereafter drove to Florida and posted the bonds. (Docs. 1345 at 1555-56; 1349 at 2156-58).

AO 72A
(Rev.8/82)

On appeal, Montalvo's counsel argued with respect to sentencing, that there was no evidence that Montalvo was involved in the methamphetamine transaction that was added to his base offense level as relevant conduct. The Eleventh Circuit rejected this argument. <u>Namur-Montalvo</u>, 356 F. App'x at 320.

When reviewing a sufficiency of the evidence claim, an appellate court must examine the evidence in the light most favorable to the government and must make all reasonable inferences and credibility choices in the government's favor. <u>United States v. Silvestri</u>, 409 F.3d 1311, 1327 (11th Cir. 2005). A guilty verdict will not be disturbed unless, "given the evidence in the record, 'no trier of fact could have found guilt beyond a reasonable doubt.'" <u>Id.</u> (quoting <u>United States v. Lyons</u>, 53 F.3d 1198, 1202 (11th Cir. 1995)). The government does not have to prove that the defendant knew the particular controlled substance that was involved in the conspiracy to possess with intent to distribute controlled substances. <u>United States v. Sanders</u>, 668 F.3d 1298, 1310 (11th Cir. 2012).

Under the applicable standards, a claim of insufficiency of the evidence would not have been successful. Thus, Montalvo's counsel was not ineffective for failing to raise this claim on appeal.

AO 72A
(Rev.8/82)

**(c)**     <u>**Severance from co-defendant**</u>

As discussed above, Montalvo had no right to be severed from his co-defendant for trial. Thus, it was not ineffective assistance for counsel to fail to argue severance on appeal.

**(d)**     <u>**Unreasonable Sentence**</u>

Montalvo contends that his counsel was ineffective for not arguing on appeal that his sentence was unreasonable because it was disproportionate to similarly situated defendants.[2] In particular, Montalvo alleges that his sentence was disproportionate to co-defendants Deleon, Luna-Jimenez, and Rojas-Rea who received sentences of 210 months, nine years, and 40 months, respectively. (Doc. 1514 at 18-19).

Disparity between the sentences given to co-defendants is generally not an appropriate basis for relief on appeal. <u>See</u> <u>United States v. Regueiro</u>, 240 F. 3d 1321, 1325-26 (11th Cir. 2001). Montalvo's sentence was in the low end of his sentencing guideline range, and the district court stated that it took the § 3553 factors into consideration. A sentence within the applicable sentencing guidelines range adequately takes into consideration the need for unwarranted sentence disparities. <u>See</u> <u>United States v. Chotas</u>, 968 F.2d 1193, 1197-98 (11th Cir. 1992) (holding that disparate sentencing

---

[2]When imposing a sentence, one of the factors the court must consider is "The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

AO 72A
(Rev.8/82)

among co-defendants was adequately considered by the Sentencing Commission and is therefore not an appropriate ground for departure); United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (the court "ordinarily . . . expect[s] a sentence within the Guideline range to be reasonable."). Montalvo has not shown that his case falls outside these general rules. For these reasons, his attorney was not ineffective for failure to argue on appeal that Montalvo received an unreasonable sentence.

### (e)    Failure to file a petition for writ of certiorari

In Ground Fourteen, Montalvo asserts that his counsel was ineffective for failing to petition for a writ of certiorari with the Supreme Court. (Doc. 1514 at 22). Criminal defendants do not have a constitutional right to counsel on applications for review in the Supreme Court. Ross v. Moffitt, 417 U.S. 600, 616-18 (1974). Thus, counsel cannot be found to be ineffective for failure to pursue an appeal in the Supreme Court. See Richards v. United States, 406 F. App'x 447, 447 (11th Cir. 2010) (holding that case law foreclosed a defendant's claim that her appellate attorney was ineffective for failing to file petition for writ of certiorari in Supreme Court).

### (f)    Cumulative errors

Montalvo alleges in Count Fifteen that his counsel was ineffective based on the cumulative errors set forth in all of the other grounds. However, there is no basis for finding ineffective assistance of counsel unless the defendant shows how specific errors

24

of counsel undermined the reliability of the findings of guilt.  Forrest v. Fla. Dep't of Corr., 342 F. App'x 560, 564-65 (11th Cir. 2009).  As discussed above, none of Montalvo's individual claims of ineffective assistance have merit.  Even considered in combination, there is no basis for this court to conclude that Montalvo's counsel's performance violated the standards set forth in Strickland.  For this reasons, Ground Fifteen is without merit.

## IV.  CERTIFICATE OF APPEALABILITY

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Montalvo has failed to make a substantial showing of the denial of a constitutional right.  Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

AO 72A
(Rev.8/82)

## V.  CONCLUSION

Based on the foregoing, **I RECOMMEND** that Montalvo's motion to vacate sentence (Doc. 1514) be **DENIED.**

**I ORDER** that Montalvo's motion for reconsideration (Doc. 1609), in which he seeks reconsideration of my ruling denying his motion to strike the government's response (Doc. 1600), and Montalvo's motion for discovery (Doc. 1610) be **DENIED**.

**I FURTHER RECOMMEND** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO ORDERED AND RECOMMENDED**, this 8th day of August, 2012.


_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)