IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JUAN ARTURO NAMUR-MONTALVO, | : | CRIMINAL NO. |
| | : | 1:05-CR-0477-CC-GGB-16 |
| Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:11-CV-0897-CC-GGB |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
| Respondent. | : | 28 U.S.C. § 2255 |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AS THE ORDER OF THIS COURT

This matter is before the Court on the Final Report and Recommendation ("R&R") issued by United States Magistrate Gerrilyn G. Brill [Doc. 1620], and Movant's Objections thereto, [Docs. 1628 and 1631]. In the R&R, Magistrate Judge Brill recommends denying Movant's motion to vacate sentence under 28 U.S.C. § 2255.

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court is obligated to conduct a *de novo* review of the portions of the R&R to which Movant has objected. The Court reviews the remainder of the R&R for plain error. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). However, where a movant does not file *specific objections* to factual findings and recommendations of the magistrate judge, this Court need not perform a *de novo*

review. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (citing inter alia Stokes v. Singletary, 952 F.2d 1567, 1576 (11th Cir. 1992); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988)).

In the R&R [Doc. 1620], Magistrate Judge Brill recommends denying Movant's § 2255 motion, because Movant's ineffective assistance of counsel claims are without merit and his remaining claims are procedurally barred from consideration.

Movant raises approximately 135 objections to the R&R. [Docs. 1628 and 1631]. Most of Movant's objections are general, arguing that the R&R does not explain why an evidentiary hearing was not conducted and does not provide findings of fact and conclusions of law to support its findings. Movant's general objections are without merit and are overruled.

With regard to the claims that Magistrate Judge Brill found were procedurally defaulted, Movant raises general objections that the R&R is incorrect in failing to address the merits of these claims. Movant's objections are without merit. Movant failed to raise those procedurally defaulted grounds on appeal, and he has not met any of the exceptions to overcome the procedural bar for his failure to raise the claims.

Accordingly, Movant's objections on the procedurally defaulted grounds for relief are overruled.

Movant makes a specific objection to the R&R's finding with regard to Ground One. In Ground One, Movant argues that counsel was ineffective for failing to investigate and present exculpatory eyewitnesses. In his petition, Movant identified approximately fourteen people that he contends could have been interviewed and called as witnesses at trial. Magistrate Judge Brill found that, "[Movant] does not contend that these witnesses observed or knew anything about the events that formed the basis of the charges in the indictment." [Doc. 1620 at 10]. Movant argues in his objections that these witnesses "all had sales ledgers with dates and times to affirmatively show that [Movant] was on his humble produce route when the Government's criminal witnesses - - testifying under promises of reduced sentences - - said he was allegedly selling drugs." [Doc. 1631 at 10]. Movant also contends that counsel was made aware of a co-defendant who would testify on Movant's behalf.

The decision as to which witnesses to call to testify at trial is a strategic decision made by counsel, and "a court must not second-guess counsel's strategy." Chandler v. United States, 218 F.3d 1305, 1314 n.14 (11th Cir. 2000). Furthermore,

3

"[t]he mere fact that other witnesses might have been available or that other testimony might have been elicited from those who testified is not a sufficient ground to prove ineffectiveness of counsel." Waters v. Thomas, 46 F.3d 1506, 1514 (11th Cir. 1995) (quotation and citation omitted); accord, e.g., Provenzano v. Singletary, 148 F.3d 1327, 1333 (11th Cir. 1998). Movant has not shown that counsel performed deficiently in failing to call these witnesses, that these witnesses would confirm that he did not commit the conduct charged in the indictment, or that the result of his trial would have been different had counsel called these witnesses to testify at trial. Thus, Movant's objection is overruled.

Movant also objects to the R&R's finding on his Ground Three, which alleges that counsel was ineffective for failing to adequately prepare Movant to testify at trial. Movant argues that his claim is actually that counsel did not prepare Movant *at all* to testify at trial. [Doc. 1631 at 13]. Movant's testimony at trial was consistent and he did not make any damaging admissions. As stated in the R&R, Movant testified that he was a legitimate businessman who sold produce, that his association with his co-defendants did not involve drugs, and that he did not knowingly participate in any drug transaction. [Doc. 1620 at 12]. Movant again does not show

4

how counsel's alleged failure to prepare him to testify prejudiced him. Thus, his objection is overruled.

Movant also contends in his objections that the Court never ruled on his request for his entire case file in his motion to extend the time to amend and supplement his § 2255 motion. [Doc. 1515]. The Court previously denied another separate request by Movant for a copy of his case file. [Doc. 1600]. Thus, to the extent that this request was not ruled on by the Court's previous order, the request is now **DENIED**.

## Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Court **ADOPTS AS ITS ORDER** the Magistrate Judge's Report and Recommendation over Petitioner's Objections. Movant's § 2255 motion [Doc. 1514] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability be **DENIED.**

**IT IS SO ORDERED** this 26th day of April, 2013.

*s/ CLARENCE COOPER*
CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)